UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
**FILED**

FEB 18 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Eric Flores, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-239 |
| ) | |
| Director of the Undergraduate ) | |
| Admissions Office, George Washington ) | |
| University, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

The plaintiff, a resident of El Paso, Texas, has captioned this action "Petition for Equal Protection of Law Right." He alleges that George Washington University ("GWU") in the District of Columbia "deprived [him] of equal protection of law by refuseing [sic] to grant [him] admission as a student." Compl. at 2. According to the plaintiff, he was denied admission because "of an academic barrier such as not haveing [sic] a high grade point average competitively compared to the other students of the same university." *Id.*

The Constitution's equal protection clause "applies to the District of Columbia via the Fifth Amendment" and "requires state actors to treat similarly situated persons alike." *Grissom v. District of Columbia*, 853 F. Supp. 2d 118, 126 (D.D.C. 2012) (citing *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954); *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985))

1

(other citations omitted). To succeed on an equal protection claim, a plaintiff must show that "[he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted).

The equal protection clause is intended "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Id.* (citation and internal quotation marks omitted). As a private entity, GWU generally is not subject to liability under the equal protection clause, *see Hajjar-Nejad v. George Washington University*, 873 F. Supp. 2d 1, 15 (D.D.C. 2012), and the plaintiff has not pleaded sufficient facts to support a claim under "the possible exception of racial discrimination by [a] recipient[] of government funding." *Grenya v. George Washington University*, 512 F.2d 556, 560 (1975); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Where the claim is invidious discrimination in contravention of the . . . Fifth Amendment[], our decisions make clear that the plaintiff must plead and prove that the defendant acted with discriminatory purpose."). Besides, the similarly situated element of the equal protection claim is defeated by the plaintiff's acknowledgment that his low grade point average is not competitive with "other students of the same university," Compl. at 2, which also establishes a rational basis for GWU's decision to deny his admission. Hence, this case will be dismissed.[1]

_____
United States District Judge

Date: January 27, 2014

---

[1] A separate Order accompanies this Memorandum Opinion.